UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

RICARDO WILLIAMS NUNN JR.,

        Plaintiff,        Case No. 1:14-cv-523

v.        Honorable Janet T. Neff

UNKNOWN HEEKE et al.,

        Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Riggle, Silvernail and Krick. The Court will serve the complaint against Defendants Heeke and Mangus.

**Discussion**

I.      Factual allegations

Plaintiff Ricardo William Nunn presently is incarcerated with the Michigan Department of Corrections at the Saginaw Correctional Facility although the events about which he complains took place at the Carson City Correctional Factility (DRF). Plaintiff sues the following DRF personnel: Officers Heeke and Mangus; Lieutenant Riggle; Nurse Silvernail; and Deupty Warden L. Krick.

In his complaint, Plaintiff alleges that on November 13, 2013, he got into a fight with another inmate. Defendant Heeke gave Plaintiff a direct order to stop fighting, but Plaintiff did not comply. Defendant Heeke tased Plaintiff in the back. After he was tased, Plaintiff "was layed out on the ground . . . completely subdued, and not struggling." (Compl., docket #1, Page ID#5.) Plaintiff alleges that he was no longer a threat to Defendant Heeke or the inmate with whom he had been fighting. Nevertheless, Defendant Heeke continued to tase Plaintiff "shoot[ing electrical current through" his body. (*Id.*)

Defendant Riggle then took Plaintiff to segregation. While walking to segregation, Plaintiff asked Defendant Riggle "what the standard procedure is, for the use of the taser, and how long should the officer using the taser be applying the electrical current." (*Id.*) Defendant Riggle laughed at Plaintiff and asked him how it felt to be tased.

Once he arrived at segregation, Plaintiff was placed in a holding cell.[1] Defendant Mangus came to the holding cell and began to "twist and pull" on the taser probes. Plaintiff asked Defendant Mangus to stop and to get someone from health services to remove the probes, but

---

[1] In his complaint, Plaintiff states "a holding cell, e.g. (THE SHOWER)." (Compl., docket #1, Page ID#5.) It is not clear if "the shower" is prison slang for the holding cell or if Plaintiff was actually placed in an actually shower stall. For purposes of this opinion, the Court uses the phrase "holding cell."

Mangus continued twisting and pulling until he removed the probes from Plaintiff's back. While he was removing the probes, Defendant Mangus was laughing at Plaintiff.

After the probes were removed, Plaintiff was left in the holding cell for over two hours before he was taken to health services. While he was in the holding cell waiting to be taken to health services, Plaintiff told the segregation staff that his back hurt and was bleeding. Plaintiff alleges that the segregation staff told him to shut up or he would have to wait longer.

When Plaintiff got to health services, Defendant Silvernail cleaned and bandaged Plaintiff's wounds. Plaintiff asked Defendant Silvernail what the procedure was for removing taser probes, but Defendant Silvernail would not answer him. Plaintiff was returned to segregation and placed in a temporary segregation cell.

Plaintiff completed all three steps of the prison administrative grievance process and "received an unsatisfactory response." (*Id.*)

As relief, Plaintiff seeks $50,000 in compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Defendant Krick

Plaintiff fails to set forth any allegations of specific conduct by Defendant Krick. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named

defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Krick.

Even if the Court were to assume that Plaintiff intends to allege in his demand for relief that Defendant Krick is responsible "[f]or not intervening or trying to correct the misuse of force," Plaintiff's claim would still fail. (Compl., docket #1, Page ID#4.) This allegation is wholly conclusory and asserts nothing more than a claim for supervisory liability. However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor

denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege that Defendant Krick engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Krick.

### B.   Defendants Riggle and Silvernail

Plaintiff alleges that Defendants Riggle escorted him to segregation, laughed at Plaintiff when he asked about the standard procedure for using a taser and asked Plaintiff how it felt to be tased. Plaintiff states that he believes Defendant Riggle is liable "for excessive force and staff corruption." (Compl., docket #1, Page ID#6.) Additionally, Plaintiff alleges that Defendant Silvernail refused to answer him when he asked about the standard procedure for removing taser probes. Plaintiff apparently believes that because Defendant Silvernail refused to respond to his question Defendant Silvernail "was trying to cover up . . . staff corruption." (*Id.*)

Plaintiff fails to set forth any factual allegations that would support an excessive force claim against Defendant Riggle. Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any

efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Plaintiff has entirely failed to allege any facts to suggest that Defendant Riggle used any force against him at all. Consequently, he fails to state an excessive force claim against Defendant Riggle.

Plaintiff also claims that Defendant Riggle is liable for staff corruption. It is unclear what Plaintiff means by "staff corruption." Assuming Plaintiff intends to allege that Defendant Riggle is liable for his subordinates allegedly improper use of the taser or improper removal of the taser probes, Plaintiff fails to state a claim. As discussed above, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d at 575; *Greene*, 310 F.3d at 899. Because Plaintiff has not alleged that Defendant Riggle engaged in any active unconstitutional behavior, he fails to state a claim.

To the extent Plaintiff claims that Defendant Riggle's laughing at him after he was tased is actionable conduct, he fails to state a claim. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

With respect to Defendant Silvernail, Plaintiff alleges that Defendant Silvernail would not answer him when he asked about the standard procedure for removing taser probes and that Defendant Silvernail failed to respond in an effort "to cover up . . . staff corruption." (*Id.*) To the extent that Plaintiff intends to allege that Defendant Silvernail refused to respond to his question to keep Plaintiff from learning the MDOC policy regarding taser probe removal so that Defendant Mangus would not be held responsible for improperly removing the taser probes, he fails to state a claim. As discussed above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. at 48; *Street v. Corr. Corp. of Am.,* 102 F.3d at 814. Plaintiff has failed to allege any facts to suggest that by refusing to answer Plaintiff's question, Defendant Silvernail deprived Plaintiff of a right "secured by the federal Constitution or laws." *Id.*

Even if Defendant Silvernail were "covering up" for Defendant Mangus' improper removal of the taser probes, whether Defendant Mangus is ultimately held responsible for improperly removing the taser probes does not in any way depend on whether Defendant Silvernail responded to Plaintiff's question. Moreover, Defendant Mangus could not escape liability merely because Defendant Silvernail failed to disclose information that Defendant Silvernail may, or may not know, regarding the MDOC policy on taser robe removal.

In the absence of any factual allegations to even suggest that a constitutional violation has occurred, Plaintiff fails to state a claim against Defendants Riggle or Silvernail.

### C. Defendants Heeke and Mangus

At this stage of the proceedings, Plaintiff's complaint warrants service on Defendants Heeke and Magnus.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Riggle, Silvernail and Krick will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Heeke and Mangus.

An Order consistent with this Opinion will be entered.


Dated: June 10, 2014                                /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge